UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**GULFSIDE, INC.**,

    Plaintiff,

v.   Case No. 2:22-cv-47-SPC-NPM

**LEXINGTON INSURANCE COMPANY**,

    Defendant.

---

**ORDER COMPELLING APPRAISAL**

Before the court is plaintiff Gulfside's motion to compel appraisal. (Doc. 35). For the reasons discussed below, the motion is granted.

**I.   Background**

This action involves an insurance claim. Lexington Insurance Company insured Gulfside's property during Hurricane Irma. The policy includes an appraisal provision, providing that if the parties "[d]isagree on the value of the property or the amount of loss, either may request an appraisal of the loss. . . ." (Doc. 32-1 at 29, 42). The parties investigated the damage and reached a partial agreement on the cause and value of Gulfside's roof damage. But they disagreed about the remaining losses. And when Gulfside's public adjuster provided a proof of loss statement for nearly $13 million, Lexington sought re-inspection, an examination under oath (EUO), and documents. In a prior action, Gulfside sued and moved to compel

appraisal. In response, Lexington argued that Gulfside failed to satisfy post-loss conditions by refusing to respond to document requests and participate in an EUO. Initially, the court found an appraisal to be premature because whether Gulfside substantially complied with the post-loss conditions—a constructive condition precedent to compelling appraisal—was disputed and the record was under-developed. *See* Case No. 2:19-cv-00851-SPC-MRM (Docs. 26, 27, 34, 39).

Nearly a year later, the court took up the issue of post-loss conditions again via cross-motions for summary judgment. With respect to the document requests, the court noted (in dicta) that it appeared Gulfside substantially complied with that post-loss condition through discovery. But, because Gulfside had yet to sit for an EUO, its ability to invoke its right to appraisal was still not ripe. (Docs. 32-5; 32-6). The court entered judgment in Gulfside's favor on its claim for RCV benefits related to the roof damage, and it otherwise dismissed the action without prejudice. (Doc. 32-6). And as the court observed, "nothing (besides perhaps the limitations period) [would prevent] Gulfside from sitting for an EUO, producing any outstanding documents, and suing again." (Doc. 32-5).

Since the court's prior dismissal, the parties have resolved the roof-damage portion of the claim and Lexington has paid the RCV benefits due for that portion of the claim. And Gulfside offered to sit for an EUO, but Lexington declined. (Doc. 32-7). Now, Gulfside sues and seeks appraisal again. Lexington on the other hand

has amended its claim denial to include grounds of concealment and misrepresentation, and it argues again that substantial compliance must be taken up on summary judgment or by jury trial and that appraisal is not appropriate because Lexington has elected to deny any further coverage.

**II.      Law and Analysis**

"Appraisal is a form of alternative dispute resolution that sets a disputed loss amount." *CMR Constr. & Roofing, LLC v. Empire Indem. Ins. Co.*, 843 F. App'x 189, 193 (11th Cir. 2021) (citing *State Farm Fla. Ins. Co. v. Crispin*, 290 So. 3d 150, 151 (Fla. 5th DCA 2020)); *see also Merrick Preserve Condo. Ass'n, Inc. v. Cypress Prop. & Cas. Ins. Co.*, 315 So. 3d 45, 49 (Fla. 4th DCA 2021) ("Appraisal clauses provide a mechanism for prompt resolution of claims …."). In other words, an appraisal provision is a stipulation to the forum in which certain areas of dispute should be decided. *See Webb Roofing & Constr., LLC v. Fednat Ins.*, 320 So. 3d 803, 805-806 (Fla. 2d DCA 2021); *accord Fla. Ins. Guar. Ass'n v. Castilla*, 18 So. 3d 703, 704 (Fla. 4th DCA 2009) (reasoning that motions to compel appraisal or arbitration are subject to the same standard of review). Indeed, when an insurance policy contains an appraisal provision, "the right to appraisal is not permissive but is instead mandatory, so once a demand for appraisal is made, 'neither party has the right to deny that demand.'" *McGowan v. First Acceptance Ins. Co., Inc.*, 411

F. Supp. 3d 1293, 1296 (M.D. Fla. 2019) (quoting *United Cmty. Ins. Co. v. Lewis*, 642 So. 2d 59, 60 (Fla. 3d DCA 1994)).

And so, legions of Florida cases regularly refer amount-of-loss determinations to an appraisal panel by non-dispositive order whenever a party properly invokes the contractual right. *See, e.g., Breakwater Commons Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 2:20-cv-31-JLB-NPM (M.D. Fla. Feb. 1, 2022) (Doc. 76) (order overruling objections to order compelling appraisal) ("Appraisal is … a non-dispositive matter because it does not dispose of either party's claims or defenses."); *Webb Roofing*, 320 So. 3d at 804-807 (affirming interlocutory order granting insurer's motion to compel appraisal in breach-of-contract suit brought by insured's assignee); *State Farm Fla. Ins. v. Speed Dry, Inc.*, 292 So. 3d 1260, 1262 (Fla. 5th DCA 2020) (reversing order denying insurer's motion to compel appraisal); *State Farm Fla. Ins. Co. v. Sheppard*, 268 So. 3d 1006 (Fla. 1st DCA 2019) (same); *People's Tr. Ins. Co. v. Garcia*, 263 So. 3d 231 (Fla. 3d DCA 2019) (same).[1]

This approach is in line with the federal circuit and district court decisions holding that appraisals—similar in all material respect to the one contemplated

---

[1] *See also Castillo at Tiburon Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 2:20-cv-468-SPC-MRM, 2020 WL 7587181, *2 (M.D. Fla. Dec. 22, 2020) (rejecting as both "a nonstarter and nonsensical" insurer's argument that an insurance policy's appraisal provision can only be enforced by way of a claim for equitable relief); *PB Property Holdings, LLC v. Auto-Owners Insurance Co.*, No. 16-cv-1748-WJM-STV, 2017 WL 7726696, *1 (D. Colo. January 26, 2017) (holding that a magistrate judge's order compelling appraisal is non-dispositive and, therefore, any objections are subject to Federal Rule of Civil Procedure 72(a)).

here—constitute an arbitration that can be compelled by motion, rather than a judgment, under the Federal Arbitration Act. *See, e.g.*, *Milligan v. CCC Info. Servs. Inc.*, 920 F.3d 146, 152 (2d Cir. 2019); *Martinique Properties, LLC v. Certain Underwriters at Lloyd's of London*, 567 F. Supp. 3d 1099, 1108 (D. Neb. 2021), *aff'd*, 60 F.4th 1206 (8th Cir. 2023); *Liberty Mut. Grp., Inc. v. Wright*, No. CIV.A. DKC 12-0282, 2012 WL 718857, *6 (D. Md. Mar. 5, 2012); *see also Register v. Certain Underwriters at Lloyd's*, 2020 WL 6106624, *4 (N.D. Fla. Apr. 20, 2020) (holding in a windstorm case that the meaning of the term "arbitration" in a federal statute is a question of federal law and the appraisal contemplated by the insurance policy constituted an arbitration for purposes of the federal arbitration statute).

## A. Appraisal is ripe.

"The appraisers determine the amount of the loss, which includes calculating the cost of repair or replacement of property damaged, and ascertaining how much of the damage was caused by a covered peril as opposed to things such as 'normal wear and tear, dry rot, or various other designated, excluded causes.'" *Citizens Prop. Ins. Corp. v. River Manor Condo. Ass'n*, 125 So. 3d 846, 854 (Fla. 4th DCA 2013) (quoting *Johnson v. Nationwide Mut. Ins. Co.*, 828 So. 2d 1021, 1025 (Fla. 2002)). But before referring amount-of-loss issues to the appraisal panel, "the court must make a *preliminary* determination as to whether the demand for appraisal is ripe." *Abhiram4021 Inc v. Scottsdale Ins. Co.*, No. 8:21-cv-2700-MSS-JSS, 2022 WL

1121809, *2 (M.D. Fla. Mar. 25, 2022), *report and recommendation adopted sub nom.* (Apr. 14, 2022) (emphasis added). A demand for appraisal "is ripe where post-loss conditions are met, 'the insurer has a reasonable opportunity to investigate and adjust the claim,' and there is a disagreement regarding the value of the property or the amount of loss." *Am. Cap. Assurance Corp. v. Leeward Bay at Tarpon Bay Condo. Ass'n, Inc.*, 306 So. 3d 1238, 1240 (Fla. 2d DCA 2020) (quoting *Citizens Prop. Ins. Corp. v. Admiralty House, Inc.*, 66 So. 3d 342, 344 (Fla. 2d DCA 2011)).

At this point, appraisal is ripe. By the time of the dismissal of the first action, Gulfside had produced, and Lexington had acquired, a wealth of information about the loss. Gulfside had supplied a sworn proof of loss supported by expert reports and invoices, produced 5,682 pages of documents (consisting of over 2,000 documents), and provided answers to interrogatories. (Doc. 35 at 5, 22). Lexington deposed Gulfside's public adjuster for two hours, its expert for two hours, and its corporate representative for over four hours. (Doc. 35 at 22).[2] In fact, Lexington's various experts inspected the property eleven times. (Doc. 35 at 3-6, 17). And there is no suggestion in Lexington's response to Gulfside's motion that any request for a site inspection, documents, or testimony remains unfulfilled.

---

[2] As noticed, the scope of the corporate-representative deposition encompassed all issues related to the loss. (Doc. 35-8).

Lexington no longer wants an EUO, and that is fine. *See 200 Leslie Condo. Ass'n, Inc. v. QBE Ins. Corp.*, No. 10-61984-CIV, 2011 WL 2470344, *14 (S.D. Fla. June 21, 2011) (An insurer is "entitled to require [the insured's] compliance with pre-appraisal obligations, *should [the insurer] wish to do so*.") (emphasis added). But Lexington cannot sit on its hands and thereby impair Gulfside's substantial compliance with the post-loss conditions. *See Parkview Point Condo. Ass'n Inc. v. QBE Ins. Corp.*, No. 10-23731-cv, 2011 WL 13099890, *7 (S.D. Fla. Sept. 9, 2011) (stating that the purpose of post-loss conditions is to provide insurers with a "shield" from being disadvantaged during the appraisal process, not a "sword" to be used against insureds). Because Lexington has no outstanding post-loss-condition requests, had a reasonable opportunity to investigate Gulfside's claim, and disagrees with Gulfside about the amount of loss, appraisal is ripe.

In short, because Gulfside is given a unilateral right to refer disputed amount-of-loss questions to a binding appraisal panel under its valid, written contract with Lexington, and because it has satisfied the constructive condition precedent for appraisal—that is, it has substantially complied with the contract's post-loss conditions, Gulfside's motion is due to be granted. *Cf.* 9 U.S.C. § 4.

  **B.**  **Appraisal should proceed despite any affirmative defenses.**

Lexington has denied any further coverage due to Gulfside's alleged concealment and misrepresentations. Lexington alleges that some costs were lower

- 7 -

than Gulfside represented and that some losses were attributable to causes other than Irma. (Doc. 1-7 at 4-5). At bottom, Lexington raises a fraud defense because it disputes the value of the claimed losses on the property. As contemplated by the policy, Lexington is free to challenge coverage on fraud grounds (and other grounds) after appraisal is complete. *See* Doc 32-1 at 29, 42 ("If there is an appraisal, we will still retain our right to deny the claim.").[3] The court can and should compel appraisal prior to resolving the fraud dispute, consistent with the language of the parties' policy. *See American Capital Assurance Corp. v. Leeward Bay at Tarpon Bay Condo. Ass'n, Inc.*, No. 2D20-165, 2020 WL 6478224 (Fla. 2d DCA Nov. 4, 2020); *Island Shores Condo. Ass'n, Inc. v. Great Am. Ins. Co. of New York*, No. 1:14-cv-24490-UU, 2015 WL 12780951 (S.D. Fla. May 7, 2015). Appraisal will likely inform the parties' arguments about Lexington's affirmative defenses and their overall evaluation of the case.

### III. Appraisal Procedures

#### A. Selecting appraisers and an umpire

By **April 21, 2023**, each party must select a competent and impartial appraiser. The appraisers may not have served as an adjuster for either party, and

---

[3] This includes any coverage defense based on alleged failures to comply with Lexington's requests for information. As stated earlier, the court need only make a preliminary—and not a final—determination about Gulfside's reasonable compliance with post-loss conditions for appraisal to be ripe.

their compensation may not be contingent on the outcome of this matter, the outcome of the appraisal, or on any valuations they may make during the appraisal process. *See Parrish v. State Farm Fla. Ins. Co.*, No. SC21-172, 2023 WL 1830816, *6 (Fla. Feb. 9, 2023) ("[A]n appraiser cannot be 'disinterested' if he or she, or a firm in which he or she has an interest, is to be compensated for services as a public adjuster with a contingency fee."). In other words, they may only be paid on a flat-fee or hourly basis for their service as impartial appraisers. The appraisers must agree to an umpire by **May 5, 2023**, and the parties will contemporaneously file a joint notice identifying the members of the appraisal panel. If the appraisers are unable to agree, then the parties will file a motion by **May 8, 2023**, requesting a court-appointed umpire, and the motion will be set for an in-person hearing during which the parties' appraisers will explain their objections to each other's proposed umpires

### B. Discovery during appraisal

The court's experience in other insurance-coverage matters with appraisal issues has revealed that parties and appraisers sometimes find that the tools of formal discovery can facilitate the appraisal process. Accordingly, a party may, with the concurrence of at least two members of the appraisal panel, seek leave to conduct discovery concerning the amount-of-loss issues referred to the appraisal panel for resolution. *Cf.* 9 U.S.C. § 7 (providing that under the FAA, a majority of the arbitration panel "may summon in writing any person to attend before them or any

of them as a witness and in a proper case to bring with him or them any book, record, document, or paper which may be deemed material as evidence in the case."). All discovery and case-management deadlines—other than the trial setting (for administrative purposes)—are stayed.

### C. The form of the appraisal award

A lump-sum appraisal award presenting nothing more than a single figure for the entire condominium complex would not be appropriate. *Naples II*, No. 2:21-cv-181-SPC-MRM, 2022 WL 714809, *3 (M.D. Fla. Mar. 10, 2022) (finding no plain error in recommendation "that the appraisal panel should issue an award that delineates between the specific coverages offered under the Policy for each unique building"). "Every insurance contract shall be construed according to the entirety of its terms and conditions as set forth in the policy and as amplified, extended, or modified by any application therefor or any rider or endorsement thereto." Fla. Stat. § 627.419(1); *See also Auto-Owners Ins. Co. v. Anderson*, 756 So. 2d 29, 34 (Fla. 2000) (reasoning that each clause in an insurance policy must be read in conjunction with the entire policy); *Shaw v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 605 F.3d 1250, 1252 (11th Cir. 2010) ("in construing insurance policies, courts should read each policy as a whole, endeavoring to give every provision its full meaning and operative effect") (quoting *Anderson*, 756 So. 2d at 34). Thus, the appraisal award must be stated in terms that coincide with the contours of the policy. That

means it must present the replacement cost value, actual cash value, ordinance or law, debris removal, and any other benefit figures for each part of the complex, and account for any subpart deductibles, as appropriate.

### IV. Conclusion

The motion to compel appraisal (Doc. 35) is **GRANTED**. For the amount of loss that remains in dispute (that is, excluding the roof claim), the parties are ordered to conduct an appraisal as prescribed by the appraisal provisions of the insurance policy. The appraisal process must be completed within **six months from the date the umpire is selected**. Within **one week** after the appraisal concludes, the parties must promptly file a joint notice informing the court of the outcome of the appraisal and attach a copy of the appraisal award. Gulfside's motion for more time to complete Rule 26(a)(2) expert disclosures (Doc. 42) is **DENIED** as moot. The clerk is directed to place a stay flag on this case pending completion of the appraisal.

**ORDERED** on March 31, 2023.

*[signature]*
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE