UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GULFSIDE, INC.,

    Plaintiff,

v.                                        Case No.:  2:22-cv-47-SPC-NPM

LEXINGTON INSURANCE
COMPANY,

    Defendant.
_____/

## OPINION AND ORDER

Before the Court is Defendant Lexington Insurance Company's Objections to Order Compelling Appraisal (Doc. 50), along with Plaintiff Gulfside, Inc.'s opposition (Doc. 56).

Because the Court presumes the parties know the facts and procedural histories of this insurance dispute—and its predecessor case—it summarizes the background as needed to resolve the objections.

Plaintiff is a condominium association whose complex was allegedly damaged by Hurricane Irma about six years ago. Days after the hurricane, Plaintiff made an insurance claim with its insurer—Defendant. For years, the parties went back-and-forth trying to agree on coverage and the value of Plaintiff's claim. Defendant eventually paid part of the claim in April 2019.

Defendant also found other covered damage but valued it at less than Plaintiff's deductible.

Plaintiff then hired a public adjuster. In July 2019, the adjuster emailed Defendant a sworn proof of loss valued around $13 million. (Doc. 35-4). In response, Defendant asked for (among other things) an examination under oath ("EUO"). Plaintiff skipped the EUO and sued Defendant in state court. Defendant then removed the case to this Court. *See Gulfside Inc. v. Lexington Ins. Co.*, No. 2:19-cv-851-SPC-MRM (M.D. Fla.).[1]

In the first action, Plaintiff sued for a declaration to compel appraisal and breach of contract. The Court twice found appraisal unripe because Plaintiff did not satisfy its post-loss conditions when it refused the EUO.[2] In the end, the Court dismissed the appraisal count without prejudice. In doing so, it warned that "nothing (besides perhaps the limitations period) prevents Gulfside from sitting for an EUO, producing any outstanding documents, and suing again." (Doc. 851-78 at 12). It repeated the notion: "Gulfside can comply

---

[1] Citations to this action are "(Doc.)". Citations to the first case—*Gulfside Inc. v. Lexington Ins. Co.*, No. 2:19-cv-851-SPC-MRM (M.D. Fla.)—are ("851-Doc.").

[2] The Court initially declined to compel appraisal because the record was undeveloped on whether Plaintiff substantially satisfied its post-loss obligations under the policy. (851-Doc. 39). A year later, the Court granted in part Defendant's motion for summary judgment but denied Plaintiff's motion. (851-Doc. 78). It found appraisal to be unripe because Plaintiff refused to sit for the EUO and thus did not satisfy its post-loss conditions.

with any post-loss conditions, then refile suit. But until then, this action is premature." (851-Doc. 78 at 15).

Even on reconsideration, the Court kept the appraisal count dismissed without prejudice. In rejecting Defendant's reconsideration arguments, the Court clarified that dismissing the appraisal count without prejudice affected no affirmative defenses that Defendant could later raise in another suit:

> Should Gulfside sit for an EUO and refile, Lexington could again raise an affirmative defense for noncompliance with post-loss conditions. The parties would need to litigate whether Gulfside's belated compliance with the Policy was substantial compliance. If not, Lexington would (at a minimum) get a presumption of prejudice . . . Even if so, Lexington might still get a presumption of prejudice given the delay . . . Put simply, Lexington still has an arguable coverage defense on failing to sit for the EUO when requested . . . Nor does the Order imply Lexington must withdraw its coverage denial. If it chooses, Lexington may stand on the denial, and Gulfside can respond as it sees fit.

(851-Doc. 89 at 9-10 (citations and footnote omitted)).

So Defendant had a choice after the first lawsuit: require Plaintiff to sit for an EUO or stand on its coverage denial. (Doc. 32-7). Defendant picked the latter. According to Defendant, a late EUO could not cure the prejudice Plaintiff caused by not sitting for the EUO years ago. (Doc. 32-7 at 4). Defendant even upped the ante on denying coverage. It has also claimed that Plaintiff refused to produce certain documents in the first suit to conceal and misrepresent material facts about the claim. (Doc. 32-7 at 4-5).

3

Because of the latest stalemate over the EUO, Plaintiff has again sued Defendant and moved to compel appraisal. (Doc. 32).[3] This time around, the Magistrate Judge compelled appraisal (hereinafter, the "Order") because Defendant "has no outstanding post-loss-condition requests." (Doc. 48 at 7). Because Defendant no longer wants an EUO, the Order found appraisal to be ripe.[4] (Doc. 48 at 7 (explaining "Lexington cannot sit on its hands and thereby impair Gulfside's substantial compliance with the post-loss conditions"). Defendant objects to the Order.

A party may object to a non-dispositive order. *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *cf. Breakwater Commons Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 2:20-cv-31-JLB-NPM (M.D. Fla. Feb. 1, 2022) ("Appraisal is . . . a non-dispositive matter because it does not dispose of either party's claims or defenses."). If a party raises a timely objection, the district judge "must . . . modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

"Clear error is a highly deferential standard of review." *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005). A "finding is

---

[3] Plaintiff brings a three-count action for breach of contract and declaratory judgments to (a) confirm its compliance with post-loss obligations and (b) compel appraisal. (Doc. 32).

[4] The Order also found appraisal to be ripe because "Gulfside produced, and Lexington had acquired, a wealth of information about the loss" through a sworn proof of loss, thousands of documents, and answers to interrogatories. (Doc. 48 at 6-7). Because Defendant makes no objection to this finding, it need not be addressed.

'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985) (quotation omitted). "A magistrate judge's order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Malibu Media, LLC v. Doe*, 923 F. Supp. 2d 1339, 1347 (M.D. Fla. 2013).

Defendant basically raises two objections—neither of which prove the Order to be clearly erroneous or contrary to law. First, Defendant characterizes the $13 million submission in July 2019 as a "supplemental claim" that was "completely disclaimed." (Doc. 50 at 1, 11). And because it "wholly denied" coverage, Defendant argues the Court cannot compel appraisal. (Doc. 50 at 3, 10-12). Clever, but wrong. Another district court has rejected Defendant's supplemental claim argument in a like dispute. *See Palm Bay Yacht Club v. Lexington Ins. Co.*, No. 18-23888, 2019 WL 2255561, at *2 (S.D. Fla. Feb. 22, 2019) ("Rather than submitting a 'supplemental claim,' that [d]efendant needed to investigate, [p]laintiff submitted additional supporting documentation for its original claim after [d]efendant had refused to pay any amount under the policy.").

There are more problems for Defendant. To start, Defendant does not explain how the $13 million submission is a supplemental claim. It provides the Court with a Florida statute that defines a supplemental claim (in a

5

footnote) and declares the $13 million submission to fall in line. (Doc. 50 at 4 n.1 (citing Fla. Stat. § 627.70132(1)(b)). But without more explanation from Defendant, its logic is near impossible to follow. So the Court is hard-pressed to find the Order to be clearly erroneous and contrary to the law.

Even ignoring the objection's conclusory nature, the record shows Plaintiff made only one claim—LXCC-3958A9. (Docs. 35-2, 35-3, 35-4, 35-5, 35-6 & 35-9). And in Defendant's communications with Plaintiff before any lawsuit, it referenced no initial and supplement claims. *See, e.g.*, Docs. 14-2 & 35-6. Plus, Plaintiff reported the contested damages long before Defendant paid for other covered damage. So it is not as if Defendant paid and closed a claim before Plaintiff reported its subsequent damage. *See Galindo v. ARI Mut. Ins.*, 203 F.3d 771, 776-77 (11th Cir. 2000) (denying appraisal where the insureds sought to compel appraisal on supplemental claims made five years after they settled their initial claims without allowing their insurers to first investigate the new supplemental claims). Courts, including this one, have rejected a similar supplemental claim argument. *See Castillo*, 2021 WL 4438370, at *3 (noting that Empire "assigned one claim number to all of Plaintiff's damages."); *Dover Place Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 2:22-CV-450-JLB-KCD, 2022 WL 18358924, at *2 (M.D. Fla. Dec. 27, 2022). With no supplemental claim that Defendant has denied coverage, the Court finds no error with the Order compelling appraisal.

6

Defendant also argues that the Order improperly found the depositions in the first suit cured Plaintiff's past failure to sit for an EUO. Not so. Defendant's argument reaches too far. The Order made a preliminary call that appraisal is ripe because there are no outstanding post-loss conditions for Plaintiff to satisfy. Defendant may still raise coverage-related defenses after appraisal.

This point transitions perfectly to Defendant's second objection. According to Defendant, the Order compelled appraisal without a full record, summary judgment motion, or trial to resolve questions of law and fact. Defendant reasons that the Order granted judgment as a matter of law on the appraisal count even though the parties dispute whether Plaintiff substantially followed its post-loss obligations. It argues, "the parties needed to litigate whether Gulfside substantially complied with the request and whether Gulfside overcame its presumption of prejudice based on its refusal and then belated offer two years after the initial request and four years after the claimed date of loss." (Doc. 50 at 2). The second objection fares no better than the first.

Defendant's coverage defenses remain intact for litigation after appraisal. As alluded to, the Court need only make a preliminary decision on whether a demand for appraisal is ripe. *See Citizens Prop. Ins. v. Admiralty House, Inc.*, 66 So. 3d 342, 344 (Fla. Dist. Ct. App. 2011) (citation omitted);

7

*Citizens Prop. Ins. v. Galeria Villas Condo. Ass'n*, 48 So.3d 188, 191-92 (Fla. Dist. Ct. App. 2010). "A demand is ripe where postloss conditions are met, the insurer has a reasonable opportunity to investigate and adjust the claim, and there is a disagreement regarding the value of the property or the amount of loss." *Am. Cap. Assurance Corp. v. Leeward Bay at Tarpon Bay Condo. Ass'n, Inc.*, 306 So. 3d 1238, 1240 (Fla. Dist. Ct. App. 2020), *review granted,* No. SC20-1766, 2021 WL 416684 (Fla. Feb. 8, 2021) (citation omitted).

When the Order was entered, the record made clear there were no outstanding requests for EUOs, documents, or inspections. Defendant strategically withdrew its request for an EUO. So it must live with its decision at all stages of litigation—including with appraisal. Defendant offers no persuasive reason for the Court to find the Order is clearly erroneous or contrary to the law on this point.

As much as Defendant tries to repackage the Court's language from the first suit to justify withdrawing the EUO request, the undersigned is not persuaded. The Court made its decisions in the first suit based on the record and facts before it. In doing so, it merely explained why it was justified in dismissing the appraisal count without prejudice, rather than with prejudice as Defendant wanted. More important, the Court made it clear that it would neither speculate nor offer advisory opinions on what would happen if either party took future action. It also never opined on exactly when in future

litigation Defendant could raise its defenses. At bottom, the Court faces a new lawsuit with new factual circumstance—i.e., Defendant has withdrawn its request for an EUO. And the Court agrees with the Order that appraisal is now ripe with no post-loss condition requests outstanding. Any defenses related to coverage can be discussed after appraisal. So the Court overrules this objection.

In conclusion, Defendant has articulated no persuasive argument that the Order is clearly erroneous or contrary to law. Defendant simply disagrees with the Order, which isn't enough.

Accordingly, it is

**ORDERED:**

1. Defendant Lexington Insurance Company's Objections to Order Compelling Appraisal (Doc. 50) are **OVERRULED**.

2. The Court modifies these deadlines for appraisal as outlined in Judge Mizell's Order:

| **Deadline** | **Date** |
| --- | --- |
| Parties to select appraisers | September 27, 2023 |
| Appraisers to select umpire | October 11, 2023 |
| Motion requesting a court-appointed umpire (if needed) | October 15, 2023 |
| Appraisal Process | Six months from the date the umpire is selected |

**DONE** and **ORDERED** in Fort Myers, Florida on September 6, 2023.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record